BLAISDELL PAPER PENCIL CO. v. EAGLE PENCIL CO.

(Circuit Court, S. D. New York. February 4, 1898.)

PATENTS—INTERPRETATION—VALIDITY—PENCILS.

    The Blaisdell patent, No. 461,911, for a pencil in which the marking lead or crayon is rolled in a covering of flexible material, preferably parchmentized paper, weakened by creasing, scoring, or perforating in diagonal lines, so as to divide it into narrow strips, which may be separately removed to sharpen the pencil, covers a meritorious invention, but is limited to this particular form, and is not infringed by a pencil made under the Boman patent, No. 554,212, with a covering formed by a continuous strip of wood.

This was a suit in equity by the Blaisdell Paper Pencil Company against the Eagle Pencil Company for infringement of a patent.

Clarence Ladd Davis and Charles E. Mitchell, for complainant.
Kerr, Curtis & Page and Marcellus Bailey, for defendant.

TOWNSEND, District Judge. This is a bill alleging infringement of patent No. 461,911, granted October 27, 1891, to F. E. Blaisdell for a pencil. The defendant denies infringement. In the specifications of the patent, the case, covering, or holder of the pencil is described as made of some flexible material, preferably parchmentized paper. Weakened lines are made diagonally across a sheet of such paper by creasing, scoring, perforating, or otherwise; thus dividing the sheet into narrow strips, which may be readily separated. This sheet is then rolled around the marking lead or crayon. Thus, to use the words of the complainant's expert, "the case or cover of the marking lead is made of a scroll of flexible material adapted for removal in pieces taking the form of a section of a conical helix or helical cone." The pencil is sharpened, or rather a portion of the lead is exposed, by removing one of the strips. The portion thus left uncovered by any one removal will always be equal to the width of one of the strips. The inventor does not confine himself to paper, but suggests that other substances, such as thin wood, veneer, cloth, etc., may be used, and adds:

"Although I have shown the covering or casing, 2, of my improved pencil, in the form of a sheet bearing weakened lines, it is evident that such sheet may be entirely severed along such lines before being rolled upon the lead or crayon, and that the strips thus formed may then be rolled upon the crayon in the manner described with precisely the same effect as when in the form of a sheet.

Also, instead of rolling the sheet directly upon the marking lead or crayon, the same may be rolled upon a mandrel, and the lead afterward inserted."

Complainant maintains that all of the eight claims of the patent are infringed, and especially relies on claims 1, 2, and 4, which are as follows:

"(1) A pencil having its marking lead or crayon inclosed in a roll of flexible material, substantially as shown and described.

"(2) A pencil having its marking lead or crayon inclosed in a roll composed of a sheet of flexible material weakened at intervals, substantially as shown and described."

"(4) A pencil having its marking lead or crayon inclosed in a covering from which sections in the form of a conical helix may be removed one by one, so as to uncover the marking lead or crayon section by section, substantially as shown and described."

Defendant's pencil is made under a patent to Claes W. Boman,—No. 554,212. The covering thereof is made of wood cut or shaved in a continuous strip by special machinery (the patent for which is No. 562,273) from a round stick, in such manner that the inside of the strip is shorter than the outside, and so that, when rolled around the marking lead, the inside edge of the strip or shaving will always touch the lead, while the outside edge will always be at the same distance from the lead. When the pencil is to be sharpened, pieces of the strip of wood of any length desired are broken or picked off, thus uncovering as much or little of the marking lead as may be found necessary at the time.

The prior art put in evidence in this case consists of the following patents: Somers patent, No. 557,881 (1874), and Sholes patent, No. 191,816 (1877), both of which make the case or covering of cones of paper fitted or nested together so as to form a solid holder; Hyatt's patent, No. 238,908 (1881), in which a cord is "wound to form successive cone-shaped layers, with short cylindrical extensions at their smaller ends, the cord being carried back from the end of each cylindrical layer nearly to the commencement of the larger end of the previously formed conical layer, and being then wound spirally forward to form the next outer conical layer, and its cylindrical extension extending in advance of the end of the previously formed cylindrical layer"; British patent No. 11,524 of 1887, to Robert Ellis Green, in which a sheet of paper is rolled around the marking lead to form a covering, but which is not self-sharpening.

Said Hyatt patent, the application for which was filed May 2, 1877, contains this statement:

"I do not claim broadly a holder or handle for lead pencils, etc., formed by spirally winding strips of paper, cloth, tissue, or cord around a removable core, as such is not new."

Blaisdell's original application contained the following claims:

"(3) A pencil having its marking lead or crayon inclosed in a covering, cone-shaped sections of which may be removed one by one, substantially as and for the purposes set forth."

"(5) A pencil having its marking lead or crayon inclosed in a covering, sections of which may be removed one by one from the end thereof, so as to uncover the lead section by section, and leave the covering of a conical form at such end, substantially as shown and described."

The examiner rejected all the claims, citing the Sholes and Somers patents above mentioned. Thereupon the claims 3 and 5 last referred to were erased, and applicant's attorneys applied for a reconsideration, saying:

"We are unable to see how the patents cited have any bearing whatever upon the claims of applicant as now presented, inasmuch as the covering of the crayon in each of said references is in the form of a series of cones built up or placed one upon the other, while in the device of applicant it is in the form of a sheet rolled around the lead or crayon. While both result in forming a self-sharpening pencil, the construction is radically different."

The patent was then allowed.

Complainant claims that the Blaisdell patent is a pioneer patent, and that its claims are entitled to the widest consideration. On the evidence, Blaisdell was the first to make a commercially successful self-sharpening pencil, and I have no doubt that the patent shows invention, and is valid, and is entitled to the favorable consideration earned by the inventor in making the public acquainted with the merits of a self-sharpening pencil. I am unable, however, to find that defendant has infringed either the essence of Blaisdell's invention or the letter of his claims. The commercial success of the Blaisdell patent may have caused the defendant to request Boman to see whether he could make a self-sharpening pencil. Assuming that Boman examined the prior art of the patent office for that purpose, as he naturally would, it is certainly as probable that he obtained the hint for his construction from the Sholes or the Hyatt patents as from the Blaisdell patent, especially in view of the statement in the Hyatt patent that it was old to make such a holder of a strip of paper spirally wound around a removable core. The Boman patent certainly contains invention of a high order. The complainant endeavored to obtain a patent for a covering, of which cone-shaped sections might be removed one by one, and for a covering, sections of which, not limited as to shape, might be removed one by one so as to uncover the lead section by section, and leave the covering of a conical form at the end. The patent office refused it, and complainant acquiesced. If claim 1 could be taken literally without the words "substantially as described," it would be anticipated by the British patent. It must be confined to the actual invention as shown in the specification and the other claims, and limited by the striking out of the broad claims referred to. The suggestion that the grain of the wood which constitutes the strip of the Boman patent is the equivalent of the "weakened at intervals" referred to in the second claim, I cannot accept; neither the argument that the strip of the Boman patent is the equivalent of the sheet, referred to in all the claims of the Blaisdell patent except the first and fourth; neither can I adopt complainant's argument that, when more than one convolution of the Boman pencil is removed, it constitutes a helix or coil, and, being conical, it must, of necessity, be a conical helix or helical cone. By the terms "conical helix" in the Blaisdell patent is intended a strip forming a coil of which the diameter of the upper end taken from the outside of the pencil cover is wider than that of the lower end which fits to the marking lead. All parts of a cross-

section of the strip of the Boman patent are always at the same distance from the lead. Blaisdell has proved that self-sharpening pencils may be profitably manufactured, and thereupon Boman has invented another way of making them. Defendant thus profits by the Blaisdell invention, but I think he has not infringed it. Let the bill be dismissed.